OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant Landon Jones appeals the decision of the Belmont County Court of Common Pleas sentencing him to a sentence of two years in prison for the illegal conveyance of drugs into a detention facility in violation of R.C. 2921.36(A)(2)(a), a felony of the third degree. With this appeal, Jones challenges the appropriateness of the length of his sentence. Because the trial court made the findings required under R.C. 2929.12 and 2929.14, the two-year sentence is consistent with the principles set forth in R.C. 2929.11. Accordingly, the decision of the trial court is affirmed.
 {¶ 2} Jones was indicted of committing an illegal conveyance of drugs into a detention facility in violation of R.C.2921.36(A)(2). He initially pled not guilty to the charge, but later withdrew that plea and pled guilty. Although the State recommended the minimum mandatory sentence of one year at the sentencing hearing, the trial court sentenced Jones to a term of two years in prison.
 {¶ 3} As his sole assignment of error, Jones claims:
 {¶ 4} "The Court erred as the sentencing was contrary to the sentencing factors."
 {¶ 5} Although Jones argues that he should have received no more than a six month prison term, which, notably, is not an option for a third degree felony as it is lower than the minimum of one year provided for by R.C. 2929.14(A)(3), this appeal essentially challenges the correctness of his felony prison sentence. This Court's standard of review of a felony prison sentence is governed by R.C. § 2953.08(G), which states:
 {¶ 6} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 7} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 8} "* * *
 {¶ 9} "(b) That the sentence is otherwise contrary to law."
 {¶ 10} According to R.C. 2953.08(G)(2), a reviewing court must show by clear and convincing evidence that the trial court's sentencing decision is in error.
 {¶ 11} R.C. 2929.11(B) sets forth Ohio's basic principles of felony sentencing, which apply to all sentencing decisions. Pursuant to R.C. 2929.12, a trial court has the discretion to determine the most effective way to comply with the purposes and principles set forth in R.C. 2929.11. This sentencing discretion is limited, however, by the seriousness and recidivism factors listed in R.C. 2929.12(B) through (E). As pertinent to this appeal, R.C. 2929.12(D) provides:
 {¶ 12} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 13} * * *
 {¶ 14} (2) * * * the offender has a history of criminal convictions.
 {¶ 15} (3) * * * the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 16} (5) The offender shows no genuine remorse for the offense."
 {¶ 17} The trial court is also limited by R.C. 2929.14, which contains other consistency provisions. R.C. 2929.14 provides basic prison terms for various classifications of offenses. Once a trial court has determined the felony degree for a defendant's offense, R.C. 2929.14 governs the minimum and maximum term of years that a defendant can be imprisoned. R.C. 2929.14(A)(3) provides that an individual convicted of a third degree felony must receive a prison term of one, two, three, four, or five years. Additionally, R.C. 2929.14(B) provides that the court is not required to impose the shortest prison term when the offender has previously served a prison term.
 {¶ 18} At the sentencing hearing in the present case, the court stated:
 {¶ 19} "I have considered the record; the oral statements; the NCIC and other criminal history; the purpose and principles of sentencing under 2929.11 and the seriousness and recidivism factors relevant to the offense and the offender pursuant to 2929.12. I have also considered the need for deterrence, incapacitation, rehabilitation and restitution."
 {¶ 20} The court expressed its concern that Jones had brought drugs into the facility, not for personal use, but instead for sale to other prisoners. The court then made the finding that the crime was committed while Jones was serving a prison term for other offenses. The court further found that Jones had a history of criminal convictions, including robbery and that Jones has not responded favorably to sanctions that have been previously imposed. Furthermore, Jones demonstrated lack of any genuine remorse. Finally the court concluded that community control sanctions would not adequately punish the offender and it would not protect the public from future crimes. And a community control sanction, or a combination of them, would demean the seriousness of the offense.
 {¶ 21} Because the court made the findings required under R.C. 2929.12 and 2929.14, we conclude that the two-year sentence is consistent with the principles set forth in R.C. 2929.11. Accordingly, Jones' sole assignment of error is meritless and the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.